## UNITED STATES DISTRICT COURT
## FOR DISTRICT OF NEW JERSEY - NEWARK

### COURT FILE NO.: CV - _____

---

REYMUNDO VELASQUEZ

      Plaintiff,

  -against-

CITRUS GRILL
CITRUS RESTAURANT, LLC.
KIRAN DEEP KAUR
ZUNJURKE GANESH

      Defendant.

---

**COMPLAINT**

For this complaint, the Plaintiff Reymundo Velasquez by and through his attorney, Mikhail Usher, Esq., states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 28 U.S.C. § 1337 pursuant to 29 U.S.C. § 201 and U.S.C. § 206.

2. This action arises out of Defendants repeated violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (hereinafter "FLSA").

3. Venue and personal jurisdiction are proper in the District of New Jersey pursuant to 28 U.S.C. § 1391 (a)(b)(c) because a substantial part of the events and omissions giving rise to the claim occurred within this District and the Defendant

company "Citrus" has its principle place of business in Bergen County in the State of New Jersey and moreover all defendants conduct a substantial portion of their business activity in this District.

## PARTIES

4. Plaintiff, REYMUNDO VELASQUEZ is a natural adult person who resides in Fairview, New Jersey;

5. Defendant, CITRUS GRILL (hereinafter "GRILL") is a domestic company doing business within the State of New Jersey, located at 555 Passaic Avenue, West Caldwell, NJ 07006;

6. Defendant, CITRUS RESTAURANT, LLC., (hereinafter "CITRUS LLC") is a domestic company doing business within the State of New Jersey, located at 555 Passaic Avenue, West Caldwell, NJ 07006;

7. Defendant, KIRAN DEEP KAUR, (hereinafter "KIRAN") is upon information and belief a natural person who is a resident, citizen and domiciliary of New JERSEY and is one of the managers/owners of the establishment with the principle place of business located at 555 Passaic Avenue, West Caldwell, NJ 07006;

8. Defendant, ZUNJURKE GANESH, (hereinafter "GANESH") is upon information and belief a natural person who is a resident, citizen and domiciliary of New JERSEY and is one of the managers/owners of the

establishment with the principle place of business located at 555 Passaic Avenue, West Caldwell, NJ 07006;

9. Defendant(s) are the owners and operators of an Indian Restaurant business located in West Caldwell, New Jersey at the Defendant(s) above referenced address;

## NATURE OF THE CLAIM

10. The instant action is brought by Plaintiff due to Defendants' repeated violations of New Jersey State and Federal employment laws pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a4, and applicable regulations. Plaintiff alleges that he is (i) entitled to unpaid overtime wages from Defendant for his work beyond forty (40) hours per week; (ii) entitled to unpaid minimum wages for his work for Defendants; and (iii) entitled to liquidated damages equal to his unpaid overtime wages and unpaid minimum wages under the FLSA.

## FACTUAL ALLEGATIONS

**A. Employment of Plaintiff**

11. From approximately December 14, 2015 to February 2, 2017, Plaintiff was within the employ of Defendant(s) within the meaning of 29 U.S.C. § 203 and 206 of the FLSA.

12. In performing his duties for Defendant(s), Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of the FLSA.

13. In performing his duties for Defendant(s), Plaintiff used goods and products that had been moved or produced in interstate commerce.

14. In performing his duties for Defendant(s), Plaintiff provided services to customers who resided and reside in States other than New Jersey.

15. In performing his duties for Defendant(s), Plaintiff provided services paid for by persons or entities from outside the State of New Jersey.

16. In performing his duties for Defendant(s), Plaintiff provided services paid for by public entities from outside the State of New Jersey.

17. From the inception of the Defendant Company to the filing of the instant complaint, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

18. From the date that the above referenced, natural person Defendant(s) became Officers and/or shareholders and/or managers of the Defendant Company, they have been engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

19. At all relevant times, all Defendant(s) have used goods and products that have moved or been produced in interstate commerce to carry out their business.

20. At all relevant times, all Defendant(s) have provided services to customers who reside in states other than the State of New Jersey.

21. At all relevant times, all Defendant(s) have received payment for their services from private persons or entities from outside the State of New Jersey;

22. At all relevant times, all Defendant(s) have received payment for their services from public entities from outside the state of New Jersey.

**B. The Parties' Employment Relationship**

23. Plaintiff was employed by Defendant(s) from approximately December 14, 2015 to February 2, 2017 (hereinafter "Covered Period").

24. Throughout the Covered Period, Plaintiff worked for Defendant as a dishwasher and helper primarily responsible for cleaning for CITRUS GRILL / CITRUS RESTAURANT, LLC., customers.

25. Throughout the Covered Period, Plaintiff was a full time employee of defendant(s);

26. Throughout the Covered Period, Defendant(s) scheduled Plaintiff to work six (6) days a week, twelve (12) hours per day for his 14 months of employment;

27. Throughout the Covered Period, Plaintiff's work shifts for Defendant(s) always exceeded forty (40) hours per week.

28. Throughout the Covered Period, Plaintiff's work shifts for Defendant(s) always were or had exceeded twelve (12) hours per day.

**C. The Parties' Employment Relationship**

29. Throughout the Covered Period the Defendant(s) paid Plaintiff a weekly salary of Four Hundred Twenty Dollars ($425.00);

30. The Plaintiff and Defendant(s) orally agreed at the start of Plaintiff's employment with Defendant(s) to the above referenced salary terms;

31. At no time was the agreement between Plaintiff and Defendant(s) reduced to a writing;

32. Throughout the Covered Period, Defendant(s) failed to pay Plaintiff minimum-wage compensation of Eight Dollars and Twenty Five Cents ($8.25) in the year 2015, Eight Dollars and Thirty Eight Cents ($8.38) in the year 2016, and Eight Dollars and Forty Four Cents ($8.44) in the year 2017, pay per hour which Plaintiff worked;

33. Throughout the Covered Period, Defendant(s) failed to pay Plaintiff overtime premium compensation of one and a half times his regular rate of pay for hours Plaintiff worked beyond forty hours per week;

34. Plaintiff at his then pay rate of Four Hundred Twenty Five Dollars ($425.00) per week which equals to approximately Five Dollars and Ninety Cents ($5.90) per hour, and the minimum –wage rate in 2015 the time being Eight Dollars and Twenty Five Cents ($8.25) per hour for the first 40 weekly hours, and the overtime rate being Twelve Dollars and Thirty Eight Cents ($12.38) per hour for the additional 32 weekly hours.

35. Plaintiff at his then pay rate of Four Hundred Twenty Five Dollars ($425.00) per week which equals to approximately Five Dollars and Ninety Cents ($5.90) per hour, and the minimum –wage rate in 2016 the time being Eight Dollars and Thirty Eight Cents ($8.38) per hour for the first 40 weekly hours, and the overtime rate being Twelve Dollars and Fifty Seven Cents ($12.57) per hour for the additional 32 weekly hours.

36. Plaintiff at his then pay rate of Four Hundred Twenty Five Dollars ($425.00) per week which equals to approximately Five Dollars and Ninety Cents ($5.90) per hour, and the minimum –wage rate in 2017 the time being Eight Dollars and Forty Four Cents ($8.44) per hour for the first 40 weekly hours, and the overtime rate being Twelve Dollars and Sixty Six Cents ($12.66) per hour for the additional 32 weekly hours.

37. From December 14, 2015 through December 31, 2015, the difference per week in the amount paid verses the amount owed to Plaintiff by Defendant(s) is Two Hundred Sixty Eight Dollars and Twelve Cents ($268.12), or Seven Hundred Fourteen Dollars and Ninety Nine Cents ($714.99) for the duration of his employment in the year 2015.

38. From January 1, 2016 through December 31, 2016, the difference per week in the amount paid verses the amount owed to Plaintiff by Defendant(s) is Two Hundred Seventy Eight Dollars and Ninety Two Cents ($278.92), or Fourteen

Thousand, Five Hundred Three Dollars and Eighty Four Cents ($14,503.84) for the duration of his employment in the year 2016.

39. From January 1, 2017 through February 2, 2017, the difference per week in the amount paid verses the amount owed to Plaintiff by Defendant(s) is Two Hundred Eighty Three Dollars and Ninety Six Cents ($283.96), or One Thousand, Five Hundred Sixty One Dollars and Seventy Eight Cents ($1,561.78) for the duration of his employment in the year 2017.

40. Plaintiff worked for 60 weeks in total at CITRUS GRILL / CITRUS RESTAURANT, LLC.,. The total principal amount owed to Plaintiff consisting of unpaid overtime, underpaid minimum-wage and spread of hours is Sixteen Thousand Seven Hundred and Eighty Dollars and Sixty One Cents ($16,780.61)

**D. Liability of Individual Officers**

41. Pursuant to FLSA 29 U.S.C. § 203(d), an employer is defined as; *"any person acting directly or indirectly in the interest of an employer in relation to the employee."*

42. Throughout the Covered Period, all defendant(s) named in this action, had interest of an employer in relation to the employee, specifically work being performed by the Plaintiff benefited the Defendant(s) in conducting their business. Moreover, Defendant(s) supervised, directed and instructed Plaintiff throughout the Covered Period;

## COUNT I
## VIOLATIONS OF THE FLSA 29 U.S.C. § 201 et seq.

43. Plaintiff alleges and incorporates by reference all of the above allegations in this section;

44. Pursuant to FLSA, Plaintiff was entitled to overtime premium compensation from Defendant in the amount of one and one-half times his regular rate of pay for hours he worked beyond forty (40) per week while in the employ of Defendant(s);

45. By the above referenced course of conduct, Defendant(s) have violated the FLSA;

46. Defendant(s) have shown evidence and a pattern of behavior that indicate that they have violated the FLSA willfully and in a wanton manner;

47. Due to Defendant(s) FLSA violations, Plaintiff is entitled to recover from the Defendant(s) his unpaid wages which were stolen from him by Defendants business, his overtime compensation, liquidated damages, reasonable attorneys' fees, and costs of associated with this action and subsequent litigation, pursuant to 29 U.S.C. § 216 (b);

48. Other employees of Defendants, who are similarly situated to Plaintiff, are entitled to the same relief that Plaintiff seeks under the FLSA;

## COUNT II
## UNPAID MINIMUM WAGE UNDER THE FLSA

49. Plaintiff alleges and incorporates by reference all of the above allegations.

50. The Defendants failed to compensate Plaintiff at the applicable hourly minimum wage for all hours worked, in violation of 29 U.S.C. § 206(a).

51. The violations of FLSA made by Plaintiffs, as described in this complaint, were willful.

52. Due to Defendant(s)' FLSA violations, Plaintiff is entitled to recover from Defendant his unpaid wages, his unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and costs of this action and subsequent litigation.

## TRIAL BY JURY

53. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant and respectfully requests the Court to grant the following relief:

54. Award Plaintiff all unpaid wages including but not limited to the following;

    D. His unpaid hourly compensation due under FLSA;

    E. His unpaid overtime compensation due under FLSA;

55. Award Plaintiff all liquidated damages due to him including, but not limited

the following;

  C. Liquidated damages equal to an additional One Hundred Percent (100%) of his unpaid hourly compensation under the FLSA;

  D. Liquidated damages equal to an additional One Hundred Percent (100%) of his unpaid hourly overtime compensation under the FLSA;

56. Award Plaintiff any prejudgment interest;

57. Award Plaintiff reasonable attorneys' fees and the reasonable costs of this action;

58. Award to all similarly situated employees who opt into this action the same relief that Plaintiff is awarded under the FLSA; and

59. Award such other and further relief as this honorable Court deems just and proper, including but not limited to appropriate injunctive relief against any and all ongoing unlawful employment practices.

Dated: Brooklyn, New York  
   August 9, 2017

Respectfully submitted,  
MIKHAIL USHER, ESQ.  
*Attorney for Plaintiff.*

By:  /s/ Mikhail Usher  
Mikhail Usher, Esq.  
2711 Harway Avenue  
Brooklyn, NY 11214  
Ph: (718) 484-7510  
Fx: (718) 865-8566  
musheresq@gmail.com

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NEW YORK     )
                      )  ss
COUNTY OF KINGS       )

Plaintiff REYMUNDO VELASQUEZ, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

*Raymundo Velasquez*
REYMUNDO VELASQUEZ

Subscribed and sworn to before me this 9th day of August, 2017.

_____
Notary Public

MIKHAIL USHER
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02US6348842
Qualified in Kings County
Commission Expires 10/03/2020